**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| **RODERICK SESSIONS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>    **Defendant.** | Case No. 12-2218 |

### REPORT AND RECOMMENDATION

Plaintiff Roderick Sessions, proceeding *pro se*, seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of his application for disability insurance benefits. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Pro Se Motion to Schedule a Hearing by the Court to Review a Disability Claim **(#18)**, which this Court has construed as a Motion for Summary Judgment, be **DENIED**, Defendant's Motion for Summary Judgment **(#19)** be **GRANTED**, and that Defendant's decision to deny benefits be affirmed.

### I.  Background

On July 16, 2010, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of July 3, 2009.  His claim was denied initially and upon reconsideration. On April 4, 2011, Plaintiff, proceeding *pro se*, appeared before an Administrative Law Judge (ALJ).  Plaintiff and a vocational expert testified.  On August 19, 2011, the ALJ issued an unfavorable decision.  (R. 16-25.)  The ALJ found that Plaintiff had severe impairments of "low back pain; bilateral shoulder pain; [and] obesity."  (R. 19.)  The ALJ determined that Plaintiff's impairments did not meet or equal the listings and that Plaintiff retained the residual functional capacity to perform light work, "except that he requires a sit/stand option with the ability to alternate positions from sitting for 20 to 30 minutes at one time to standing for one hour at a time; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs; can occasionally stoop; and can perform frequent bilateral reaching."  (R. 19-20.)  In making this

determination, the ALJ partially discredited Plaintiff's allegations of disabling limitations due to lack of support in the record and inconsistencies between his testimony and the record; while the ALJ found that the limitations complained of by Plaintiff were supported by medical evidence, she found that the alleged extent of these limitations was unsupported by medical evidence and other evidence. (R. 22-24.) The ALJ then relied on vocational expert testimony to conclude that, with this residual functional capacity, Plaintiff could perform his past relevant work as a general supervisor. Therefore, the ALJ found Plaintiff not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final.

Plaintiff then filed a complaint in Illinois State court which was subsequently removed by Defendant to this Court. The Court denied Plaintiff's request to recruit counsel for him, as Plaintiff failed to show that he attempted to retain counsel on his own and the Court determined that the legal issues and evidence in this case were not sufficiently complex to necessitate the assistance of a trained attorney. The Court informed Plaintiff that he must proceed *pro se* and ordered him to file a motion explaining how the ALJ erred in denying his benefits. Plaintiff now raises the following challenges to the ALJ's decision:

1. The ALJ failed to consider the special accommodations his previous employer made for his physical limitations, which Plaintiff feels potential employers would not make;
2. The ALJ failed to consider that, in order to receive his severance, he was required to seek work and erred in concluding that Plaintiff thought himself capable of working; and
3. The ALJ failed to consider that Plaintiff took pain medication on a regular basis when he was working.

(#18, p. 1.)

Defendant argues that the ALJ adequately accommodated Plaintiff's impairments and supported the decision to deny benefits with substantial evidence.

## II. Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

## III. Discussion

The Court finds that the ALJ followed the law and supported the decision to deny benefits with substantial evidence. The ALJ specifically considered Plaintiff's low back pain, bilateral shoulder pain, and obesity, and accommodated the functional limitations caused by these impairments in the residual functional capacity assessment. The ALJ articulated adequate reasons for discrediting Plaintiff's allegations of disabling limitations. To the extent Plaintiff argues that the ALJ erred in inferring that, because Plaintiff continued to search for work, Plaintiff must feel that he is capable of work, this Court finds that the remainder of the evidence supports the ALJ's determination that Plaintiff was not disabled. Additionally, while the ALJ noted that Plaintiff has not regularly taken pain medication since he stopped working, there is nothing in the record to suggest that the level of medication Plaintiff would require to resume work would be severe or that the side effects would be debilitating. Finally, Plaintiff has argued that the ALJ failed to consider the special accommodations that his previous employer made regarding his physical limitations which allowed him to execute his position of general manager. However, in her decision, the ALJ relied heavily on the testimony of the vocational expert to support the conclusion that Plaintiff, notwithstanding his physical limitations, could again perform such work in another environment and, as such, her decision was supported by substantial evidence.

## IV. Conclusion

For these reasons, the Court recommends that Plaintiff's Pro Se Motion to Schedule a Hearing by the Court to Review a Disability Claim **(#18)**, which this Court has construed as a Motion for Summary Judgment, be **DENIED**, Defendant's Motion for Summary Judgment **(#19)** be **GRANTED**, and that Defendant's decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 5th day of August, 2014.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE